Filed 12/11/13  P. v. Pettigrew CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B250545 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA353918) |
| v. | |
| JAJUAN PETTIGREW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne Harwood Egerton, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Jajuan Pettigrew pled no contest to robbery and pled guilty to an assault that occurred while he was incarcerated for the robbery. Defendant moved to have his sentence corrected and the court amended the sentence in the manner requested by defendant. Defendant now challenges the amended sentence. His counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating that no arguable issue exists. We find no arguable issue and affirm.

## FACTS AND PROCEDURE

On February 4, 2009, defendant pled no contest to a charge of robbery (Pen. Code, § 211) and admitted personally using a firearm in the commission of that offense (Pen. Code, § 12022.53, subd. (b)). On February 20, 2009, the court entered a judgment of conviction and sentenced defendant to two years for second degree robbery and 10 years for the firearm use enhancement.

On March 5, 2009, while incarcerated defendant committed an assault (Pen. Code, § 245, subd. (a)(1)). Defendant entered a plea agreement. He pled guilty to the assault, and the People struck a great bodily injury enhancement. The parties agreed that the sentence was to be the low term of two years doubled for the prior robbery strike conviction. In accordance with the plea, the court sentenced defendant to four years in state prison.

Defendant moved to have his sentence corrected. Defendant's counsel argued that the court must select a principal term and then sentence defendant to one-third the midterm on the subordinate count. The People conceded error.

The court resentenced defendant as follows: It selected the robbery as the principal term. It ordered defendant to serve the low term of two years for the robbery. It added 10 years for the firearm enhancement (§ 12022.53, subd. (b)). The court selected the midterm of three years for the assault and ordered defendant to serve one-third the midterm, which equals one year. The one year was then doubled for the robbery strike prior. The total aggregate sentence for both cases was 14 years.

2

Defendant appealed.  We sent defendant a letter indicating that his counsel filed a brief identifying no issues and he may submit a supplemental brief within 30 days of our letter.  Defendant did not file a supplemental brief.

## DISCUSSION

The court appointed counsel to represent defendant.  Counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 identifying no issues.  Defendant did not file a supplemental brief.  We have reviewed the entire record and find no arguable issue on appeal and are satisfied that defendant's attorney has fully complied with the responsibilities of counsel.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; see also *People v. Kelly* (2006) 40 Cal.4th 106, 111; *People v. Wende*, *supra*, at p. 441.)

## DISPOSITION

The judgment is affirmed.


FLIER, J.



WE CONCUR:



BIGELOW, P. J.



GRIMES, J.


3